UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT ELLIOTT,<br><br>                          Plaintiff,<br>     v.<br><br>WALMART STORE #2121, a Washington Foreign Profit Corporation; and DOES I-X,<br><br>                         Defendants. | CASE NO. 3:25-cv-05878-GJL<br><br>ORDER DENYING MOTION TO REMAND AND OVERRULING PLAINTIFF'S OBJECTION TO REMOVAL |

This matter comes before the Court on Plaintiff Scott Elliott's ("Plaintiff") Motion to Remand and Objection to Removal filed September 29, 2025. Dkt. 7. Defendant Walmart Store #2121 ("Defendant") responded in opposition to Plaintiff's Motion, and Plaintiff filed a Reply Dkts. 12, 13. Having reviewed Plaintiff's Motion and the responsive briefing, the Court **DENIES** Plaintiff's Motion to Remand and **OVERRULES** Plaintiff's Objection to Removal.

### I.    BACKGROUND

On February 4, 2024, Plaintiff suffered physical injuries while shopping in the beverage aisle of Defendant's Mason County Walmart Store. Dkt. 1-3. When Plaintiff removed a 1-liter water bottle from Defendant's display, the remaining water bottles tumbled from the display, and

ORDER DENYING MOTION TO REMAND AND OVERRULING PLAINTIFF'S OBJECTION TO REMOVAL - 1

many of the bottles struck Plaintiff's body. *Id.* As a result, Plaintiff required medical treatment and continues to experience pain from this incident. *Id.*

Plaintiff is a resident of Mason County, Washington, and filed this action in Mason County Superior Court on August 26, 2025. *Id.* Plaintiff's Complaint alleges one claim against Defendant and unnamed Does I-X for negligence in assembling, stocking, and maintaining the water bottle display. *Id.* On September 25, 2025, Defendant removed the case to this Court based upon diversity jurisdiction. Dkt. 1.

## II.    LEGAL STANDARD

Diversity jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Whenever a removing defendant invokes diversity jurisdiction, the district court strictly construes the general removal statute against removal. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). The party alleging diversity jurisdiction bears the burden of both pleading and proving diversity jurisdiction. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1175 (9th Cir. 2025).

## III.    DISCUSSION

The parties do not dispute the amount in controversy exceeds $75,000 in this case, and the Court agrees the jurisdictional amount appears to be satisfied based on Plaintiff Statement of Damages. Dkt. 1 at 4; Dkt. 1-4 at 3–4. The sole issue is whether the parties satisfy the complete diversity requirement.  It is undisputed that Plaintiff is a resident of Washington, so, if any listed Defendant is also a citizen of Washington, remand is proper.

Plaintiff raises two arguments against diversity in this case. First, Plaintiff, an undisputed citizen of Washington, argues Defendant should also be considered "a *de facto* citizen of

Washington State" based upon its significant contacts in Mason County. Dkt. 7 at 1. Second, Plaintiff contends currently unidentified defendants will likely defeat diversity once they are revealed during the discovery process. Dkt. 7 at 3.

**A.      Defendant's Corporate Citizenship**

For diversity jurisdiction, a corporation's citizenship is determined by its state of incorporation and principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business, referred to as its "nerve center," is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80, 92–93. This singular "nerve center" is typically "found at a corporation's headquarters." *Id.* at 93. Plaintiff does not dispute that Defendant is incorporated in Delaware or that the corporation has its principal place of business in Arkansas. Dkt. 1 at 4.

Rather, Plaintiff argues Defendant, as a local Walmart store, should nevertheless be considered a citizen of Washington in this action based upon the specific store's "significant contacts" and "close affiliation" with Mason County. Dkt. 7 at 1–2; Dkt. 13 at 1–2. Plaintiff describes connections between this specific Walmart store and Washington, but Plaintiff does not suggest that Defendant has its principal place of corporate business in Washington. *See Hertz Corp.*, 449 U.S. at 93 (defining a corporation's principal place of business as a single place within a single state for the entire corporation). Plaintiff offers no precedent for departing from the established rule for determining a corporation's citizenship for diversity jurisdiction.[1] Given

---

[1] To the extent Plaintiff cites Defendant's significant contacts with Washington to establish citizenship, Defendant correctly identifies these as appropriate considerations for establishing personal jurisdiction rather than diversity jurisdiction. *See also Gentry v. Sikorsky Aircraft Corp.*, 383 F.Supp.3d 442, 451 (E.D. Penn. 2019) (noting plaintiff's arguments confused the *Hertz* analysis of diversity citizenship with the "case-linked" considerations of specific personal jurisdiction set forth in *Bristol-Myers* and *Goodyear*) (citations omitted); *Estrada v. Gate Gourmet, Inc.*, 2017 WL 2468773, at *2 (C.D. Cal. June 6, 2017) (noting plaintiff confused the test for 'minimum contacts'

ORDER DENYING MOTION TO REMAND AND OVERRULING PLAINTIFF'S OBJECTION TO REMOVAL - 3

that Defendant's undisputed state of incorporation and principal place of business are outside of Washington, Defendant's corporate citizenship in Delaware and Arkansas does not defeat diversity jurisdiction in this case.

**B.     Citizenship of Does I-X**

Alternatively, Plaintiff argues remand is appropriate as future defendants Does I-X will likely eliminate complete diversity in this case. Dkt. 7 at 3. Plaintiff does not offer any further insight as to who the unnamed defendants might be or how they would qualify as citizens of Washington. Nor does Plaintiff cite any legal authority for finding unnamed defendants may defeat diversity jurisdiction upon removal.

Here again, Plaintiff's unsupported argument fails in light of the established rule. 28 U.S.C. § 1441(b)(1) states "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." The citizenship of fictitious defendants "becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citations omitted); *see also Armstrong v. Argosy Education Group Inc.*, 2014 WL 12674280, at *2 (W.D. Wash. Aug. 5, 2014) (disregarding anonymous Doe defendants to determine diversity of citizenship as required by 28 U.S.C. § 1441(b)(1)). As a result, complete diversity is satisfied here between Plaintiff, a Washington citizen, and the sole named Defendant, a citizen of both Delaware and Arkansas.

///

---

used to establish personal jurisdiction with the test from *Hertz Corp.* for establishing citizenship for diversity jurisdiction).

ORDER DENYING MOTION TO REMAND AND OVERRULING PLAINTIFF'S OBJECTION TO REMOVAL - 4

## IV. CONCLUSION

In sum, Defendant has sufficiently pled the threshold amount in controversy and diversity of the parties as required under 28 U.S.C. § 1332(a)(1). For the reasons set forth above, the Court finds Defendant properly removed this case based on diversity jurisdiction. The Court **DENIES** Plaintiff's Motion to Remand and **OVERRULES** Plaintiff's Objection to Removal. Dkt. 7.

Dated this 29th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge